UNITED STATES (SEMPLE v.). See Cases Nos. 12,661 and 12,662.

## Case No. 16,251.

### UNITED STATES v. The SENECA.

[1 Biss. 371; 1 Am. Law Reg. (N. S.) 281; 4 West. Law Month. 78.]

District Court, D. Wisconsin. Sept., 1861.

STEAM VESSELS—INSPECTION OF HULLS AND BOILERS—INTERNAL COMMERCE OF STATE.

A steamboat employed in transporting passengers between ports in the same state is not liable to a penalty for not having the hull and boilers inspected under the act of congress of August 30, 1852 [10 Stat. 61], and the district court has no jurisdiction.

[Cited in The Daniel Ball, Case No. 3,564. Disapproved in The City of Salem, 37 Fed. 848.]

In admiralty.

J. B. D. Cogswell, U. S. Dist. Atty.
W. P. Lynde, for respondent.

MILLER, District Judge. It is propounded in the information, that at the port of Superior on Lake Superior, in this district, the collector of customs for the collection district of Michillmackinac, did seize said steamboat, and now holds her in his custody within the district, as forfeited to the United States for carrying and transporting goods and passengers between the ports of Superior and Bayfield, on Lake Superior, within this state, without license, and the inspection of her hull and boilers, required by the act of congress of July 7, 1838 (5 Stat. 304), and August 30, 1852, and in violation of those acts. By the information, this steamboat was employed exclusively in transporting passengers and property, between the ports mentioned in the information, which are located on Lake Superior, and within the state of Wisconsin. It is well settled that the constitutional power of congress "to regulate commerce with foreign nations and among the several states," does not embrace the purely internal commerce of a state. Gibbons v. Ogden, 9 Wheat. [22 U. S.] 1; Brooks v. The Peytona [Case No. 1,959]; Whitaker v. The Fred Lorents [Id. 17,527]; New Jersey Steam Nav. Co. v. Merchants' Bank, 6 How. [47 U. S.] 344; Allen v. Newberry, 21 How. [62 U. S.] 244.

The act of congress of July, 1838, provides, that it shall not be lawful for the owner, master or captain of any steamboat or vessel propelled in whole or in part by steam, to transport goods, etc., or passengers in or upon the bays, lakes, rivers or other navigable waters of the United States, without

having first obtained from the proper officer a license under existing laws and without the inspection required, under a penalty of five hundred dollars for each violation of the act. And the act of August, 1852, continues this penalty for transporting or carrying passengers, without inspection. The terms of the act embrace the legal employment of this steamboat; but the act must be construed according to the constitutional provision as expounded by judicial authority. The steamboat was employed between places within this state. The contract of affreightment with the steamboat Fashion, in Allen v. Newberry, was for the transportation of leather on Lake Michigan, between ports in this state. The contract with the steamboat Lorents was for a passage on the Mississippi river, between ports in this state. The license required by the act is for carrying on the coasting trade, and the inspection is for the security of the lives of passengers on board of steam vessels. It is evidently an act for the regulation of commerce under the constitution. From the decisions referred to, it is apparent that this court of admiralty would not have jurisdiction of this steamboat, while engaged as propounded in the information. And it appears very plain that jurisdiction cannot be maintained of this information, for the reason that the steamboat is not alleged to be employed in the foreign or coasting trade, but was running between ports and places within the state of Wisconsin; and she was exclusively within and subject to state regulations and control. The district court for the state of Missouri, in U. S. v. The James Morrison [Case No. 15,465]; and U. S. v. The William Pope [Id. 16,703], hold the same opinion.

The information will be dismissed for want of jurisdiction.

For further authorities on the subject of admiralty jurisdiction on inland waters, consult The Belfast, 7 Wall. [74 U. S.] 624; The Eagle, 8 Wall. [75 U. S.] 15; The Flora [Case No. 4,878]; The Celestine [Id. 2,541]; Maguire v. Card, 21 How. [62 U. S.] 248; Smith v. The Pekin [Case No. 13,090]; Wilson v. The Ohio [Id. 17,825]; The Sarah Jane [Id. 12,349]; The Brooklyn [Id. 1,948]; The New World v. King, 16 How. [57 U. S.] 469; Leonard v. The Volunteer [Case No. 8,260]; Carpenter v. The Emma Johnson [Id. 2,430].